## ALLEN v. BRESLAUER et al.

The sureties on the bail-bond of a defendant, arrested in a civil action, are not bound to surrender the defendant within ten days after judgment against him, unless the plaintiff takes such measures as would authorize the officer to hold defendant in custody.
A surrender within ten days after execution, is a sufficient compliance with the statute.

APPEAL from the Superior Court of the City of San Francisco.

This is an action on a bail-bond, executed by the defendants, as sureties for one Pinover.

The plaintiff obtained a judgment against Pinover. There was no surrender of defendant, nor any execution issued within ten days after judgment.

After the expiration of ten days, an execution was issued against the body of Pinover, and placed in the hands of the sheriff. On the same day, Pinover called on the sheriff, and offered to surrender himself in discharge of his sureties. But the sheriff, acting under plaintiff's instructions, refused to take him in custody. Afterwards, defendants went with Pinover to the sheriff, for the purpose of giving him in custody, when the sheriff again refused to receive him.

The Court below entered judgment for plaintiff. Defendant appealed.

*Janes, Lake & Boyd,* for Appellants.

The plaintiff should have proved that execution was issued and returned *non est,* the only obligation of the sureties being that the defendant should at all times render himself amenable to the process of the Court, during the pendency of the action, and to such as may be issued, to enforce the judgment therein.

In the case of Matoon v. Eder, the Court discussed very thoroughly the apparent contradictions and hardships of the statute, but as that case was decided upon other grounds, came to no settled determination on this point.

If the views suggested in that case prevail, we suggest that the presence of the defendant, open and notorious, at the place where process should issue, ought to be deemed a surrender under the eighty-second section.

What other surrender could be made ? The sheriff would not be authorized to receive him, having no process in his hands.

If, however, we are wrong in the last points, we submit that the proof on the part of the defence made out a complete defence.

The plaintiff, after the expiration of ten days, did issue an execution against the body of the defendant, whereupon the defendant surrendered himself to the sheriff, but the sheriff refused to receive him.

If the plaintiff elected to look to the bail-bond after the ten days had expired, he should not have issued an execution.

The issuing of an execution was an election to still pursue the defendant, and the surrender of the defendant to the sheriff was a compliance with the conditions of the bail-bond, the plaintiff having, by suing out the execution, waived the technical forfeiture.

To permit the plaintiff to sue out' the execution, which, in terms, commanded the sheriff to take the body of the defendant, and then, by verbal direction, to command him not to obey the writ, would be sanctioning a proceeding which the Court would not willingly endorse.

Now, suppose the sheriff had taken the defendant in execution, would not the undertaking have been satisfied, and the sureties discharged?

If so, then why should not the surrender of the defendant have the same effect?

*Edward MacKinley* for Respondent.

No surrender having been made of the defendant, Pinover, either by himself or by his bail, in their exoneration, they, the defendants in this action, became finally charged, under sections eighty-two and eighty-three of the Practice Act, to pay the amount of the judgment.

This action was brought, and the judgment herein recovered, under the law contained in the two foregoing sections, and the construction given thereto by this Court, in the case of Matoon et al. *v.* Eder et al.

It is true that an execution was issued, but better judgment gave direction, that no 'action should be taken thereunder. It was unadvisedly issued, but judiciously arrested, before any action had been taken under it. See Cains and Lord *v.* Smith, 8 Johnson, 337.

There was no obligation on the part of the plaintiff to arrest a *quasi* criminal on final process in that action, particularly as the practical effect of doing so would have been to release the bail and to furnish the defendant Pinover with an asylum in a debtor's prison at the plaintiff's expense, until he would have been discharged under the provisions of the statute of A. D. 1850.

Had the sheriff, without the consent of the plaintiff, accepted the offers of the defendant and the sureties to surrender Pinover, after the bail had been finally charged, he would have thereby rendered himself liable to the plaintiff for the amount of the judgment and costs.

This is not a hard case on the appellants. The act to bail Pinover at a time when they considered him innocent, was voluntary on their part; and they should have been admonished, by his conviction of fraud, of his unworthiness of the succor

which they had extended to him, and should then have surrendered him in their exoneration.

TERRY, C. J., after stating the facts, delivered the opinion of the Court—BURNETT, J., concurring.

The question presented is, whether, under this state of facts, defendants are liable. We think not. The Legislature, when providing for the surrender of defendant within ten days after judgment, evidently contemplated that the plaintiff should take such measures as would authorize the officer to hold defendant in custody. "The law requires no man to do a vain thing," is a familiar maxim, end certainly it would be in vain to require a party to surrender to an officer having no power to detain him.

The construction contended for by plaintiff, would enable a defendant to release his sureties by a surrender before execution, and then at once be released on *habeas corpus*, on the ground that he was illegally in custody. Such a result was never intended by the Legislature, and we are of opinion that a surrender within ten days after execution, is a sufficient compliance with the will of the Legislature.

Judgment reversed.