## THE PEOPLE OF THE STATE OF ILLINOIS
### v.
## EDWARD RACE, Impl'd, etc.

1. RECOGNIZANCE BEFORE A JUSTICE OF THE PEACE—NUMBER OF SURETIES.—In a recognizance before a justice the statute does not absolutely require there should be more than one surety. All that is contemplated is that the surety offered should be ample, and such as is satisfactory to the justice. The fact that only one surety was taken cannot be made an objection to the recognizance by the surety himself, such bonds being made voluntary by the statute.

2. DEFAULT—DECLARATION OF FORFEITURE.—The statute relating to recognizances before justices, does not require that the justice, on default, should declare a forfeiture, but only to enter "default" and "certify the recognizance with a record of the default to the court having cognizance of the offense."

3. PRACTICE IN CIRCUIT COURT.—Where there has been a default taken by the justice on recognizance before him, and it has been certified to the Circuit Court, it is not necessary that such court should in terms declare a forfeiture, before *scire facias* can be issued. The entering of default is the duty of the justice, not the Circuit Court. This is required only where the party has entered into a recognizance to appear before the Circuit Court.

ERROR to the Circuit Court of Greene county; the Hon. A. G. BURR, Judge, presiding.

Mr. JAMES R. WARD, States attorney, for plaintiff in error; upon the question of number of sureties, cited Rev. Stat. 1011, § 1; Id. 396, § 302; Combs v. The People, 39 Ill. 183; Huggins et al. v. The People, 39 Ill. 242; Myers v. The People, 67 Ill. 503; 50 Maine R. 53; 48 N. H. R. 551; Wood v. The People, 16 Ill. 172.

Upon the right of the justice to declare a forfeiture, Rev. Stat. 402, § 357; Id. 397, § 310; People v. Green et al. 58 Ill. 236; Ogden et al. v. The People, 62 Ill. 63; Adams v. State, 48 Ind. 212; State v. Inman, 7 Blackf. 225; Ross v. State, 6 Blackf. 315.

Upon the construction to be given to the two sections of statute above cited, Frink et al. v. King, 3 Scam. 144; Stribbling et al. v. Prettyman, 57 Ill. 371; Biggs et al. v. Clapp et

al. 74 Ill. 335; Patterson v. Winn. 11 Wheat. 385; Dubois v. Mc-Lean, 4 McLean, 489; United States v. Collins, 3 Blatch. 325; Potter's Dwarris on Statutes, 189; People v. Witt, 19 Ill. 171.

Upon the jurisdiction of the justice to declare a forfeiture, Peacock v. The People, 83 Ill. 331; The People v. Watkins et al. 19 Ill. 120; Peak v. The People, 71 Ill. 278; Ginn et al. v. Rogers, 4 Gilm. 131; Randolph Co. v. Ralls, 18 Ill. 29; Crisman et al. v. The People, 3. Gilm. 351.

Upon the right of the Circuit Court to issue a *scire facias* upon the record sent up: The People v. Green et al. 58 Ill. 236; Burke v. Monroe Co. 77 Ill. 610; Castner v. Walrod, 83 Ill. 171; Cable v. The People, 46 Ill. 467; People v. Witt et al. 19 Ill. 171; Pate v. The People, 15 Ill. 223; Lane et al. v. The People, 76 Ill. 300; Peacock v. The People, 83 Ill. 331; Challenor v. Niles, 78 Ill. 78; Chestnut v. Chestnut, 77 Ill. 346; People v. Phelps, 17 Ill. 199; Weese v. The People, 19 Ill. 643; Stevens v. Hay, 61 Ill. 399; Rietzell v. The People, 72 Ill. 416; 4 Black. Com. 253.

Mr. J. S. Carr, for defendant in error, Thompson, upon the question that it did not sufficiently appear by the *scire facias*, that the party taking the recognizance had authority, cited Noble et al. v. The People, 4 Gilm. 433.

Upon the question of number of sureties, Rev. Stat. 396, § 300; 402, § 356; 5 Gilm. 90.

That the Circuit Court should have declared judgment of forfeiture: Bacon et al. v. The People, 14 Ill. 312; Conner et al. v. The People, 20 Ill. 381.

Lacey, J. This was an action by *scire facias* in the Greene county Circuit Court, upon the recognizance of defendant in error, Race, on which defendant in error, David A. Thompson, was surety, claimed to be forfeited, brought to the February term, 1878, of said Circuit Court.

David A. Thompson, the surety, demurred to the recognizance; the demurrer was sustained by the court and defendants discharged. This writ of error is brought to reverse that judgment.

Plaintiff assigns for error the sustaining the demurrer to the *scire facias* and discharging the defendants in error.

The recognizance charges that defendant in error, Edward Race, was, on the 22d day of December, 1877, charged before J. B. Enslow, an acting justice of the peace of Greene county, with having committed the crime of rape upon the person of Gracie Adams, a little girl 7 years of age.

That the said justice, after having commenced the inquiry into said charge, adjourned the examination of said cause until the hour of 9 o clock A. M. of the 26th day of December, 1877, and ordered defendant in error, Race, to give bail with good and sufficient security, payable to the people of the State of Illinois, in the sum of $2,000 for his appearance at the office of said justice at the time aforesaid, for further examination, and to then and there remain until the final sentence of the court, to answer for the offense charged, and abide the final sentence or order of the court and do and receive what shall be by the court then and there enjoined upon him, and shall not depart the court without leave.

That on the 22nd day of December, the defendant in error, Race, and his surety, defendant in error, Thompson, came before the justice and entered into such recognizance as required by the court. That the recognizance was then and there acknowledged before the said justice, and by him approved and certified, and filed in his office. That afterwards, on the 26th day of December, at 9 o'clock A. M., at the justice's office, the justice judicially sitting, the cause coming on to be heard, the said defendant Race being three times solemnly called in open court, came not, but made default, and the said appellee, Thompson, having failed to deliver the body of said Race, or show good and sufficient cause for such failure or cause further adjournment of said examination, therein made default. Wherefore it was ordered and adjudged by the justice that the said people have a judgment of forfeiture of the said recognizance, and that the same be declared forfeited, which said default was then and there duly and lawfully declared and recorded by said justice in his docket. The said justice then continued the cause to the 28th December, '77, at 9 o'clock A. M.

At that time the said Race not appearing, and said recognizance being still in full force and unsatisfied, it was ordered by the court that *scire facias* issue against appellees, Race and Thompson, and that thereupon said justice certified his record and recognizance and default, and orders thereon to the Circuit Court of Greene county, for process and judgment thereon according to the statute. That on the 29th day of December, 1877, the justice delivered such record to the clerk of the Circuit Court of said county, and that they then became a matter of record in said court, etc. The *scire facias* commands said Race and Thompson to appear on the first day of said court, to be holden on the 25th February, 1878, etc., to show cause, etc., why the forfeiture should not be made absolute, and why execution should not issue, etc.

Defendants in error urge several objections to this recognizance, as it is set out in the *scire facias*.

First, that it does not appear sufficiently that Enslow was a justice of the peace. He *is* described. The recognizance describes him "an acting justice of the peace," and "that said Race and Thompson came before him, one of the justices of the peace of Green county, etc." The recognizance which the defendant signed describes him as "justice of the peace." This we deem fully sufficient, so far as this objection is concerned.

It is also objected that the *scire facias* does not show that Thompson was in default, or was called by the justice or commanded to produce Race, at the time the default was entered. The statute provides that if the person so recognized does not appear before the justice according to the conditions of the recognizance the justice shall record the default, etc. R. S. 1874, page 402, sec. 357.

The recognizance which the defendant, Thompson, signed, provided that if Race personally appeared before the justice, as required by the recognizance * * * * then the recognizance should be void—otherwise to remain in full force.

The *scire facias* shows that Race did not appear in accordance with the terms of the recognizance, that he was called three times, and the justice found he was absent; he did not answer, " but came not." The justice thereupon entered default

The People v. Race.

in strict conformity with the terms of the recognizance. The recognizance did not provide that Thompson should be called and asked to produce the body of defendant, but on the contrary, he absolutely undertook that Race should be before the justice at the time and place fixed. The recognizance was Race's, not Thompson's, Thompson was only security that Race should be forthcoming. The default was entered against Race, not Thompson. Banta et al. v. The People, 53 Ill. 435. We deem the declaration of the forfeiture by the justice sufficiently formal and regular, and find no error in that.

It is insisted also that the statute requires two or more securities instead of one, and hence the recognizance is void for that reason.

We do not understand the statute to mean that there must absolutely be more than one surety. The " sureties must be to the satisfaction of the justice " is the language of the act. R. S. 1874, page 402, sec. 356. One surety may be amply satisfactory to the justice. He is only required to be satisfied; in other words the sureties must be good.

This is one of the cases intended to be covered by the statute which provides that the " plural may include the singular number," if indeed a statutory provision were necessary in such a case. Besides, were the statute as claimed, it could not make the least difference, for the reason that these bonds are made voluntary bonds by the statute. R. S. p. 96, sec. 302.

Again, the object of the legislature was to secure ample bail that was good; and certainly it would not lie in the mouth of the surety to object, because there were not enough signers on the bond to make it good. He has undertaken, as far as he is able, to pay it, and should be bound by it. The statute was made, not for his benefit, but for that of the public. State v. Benton, 48 N. H. 551.

It is again objected that there was no judgment of forfeiture. This appears to be a mistake; the *scire facias* shows that the justice declared a forfeiture of the recognizance, and rendered judgment of forfeiture in as formal a manner as was done in Banta et al. v. The People, 53 Ill. 435, which was adjudged sufficient.

It will be observed, also, that Sec. 357, page 402, R. S. 1874, does not require the justice to declare a forfeiture by its terms; it only requires him to enter " default," and " certify the recognizance with a record of the default to the court having cognizance of the offense, etc."

By section 310, page 397, if the cognizee " does not appear in accordance with the terms of the recognizance, the court shall declare such recognizance forfeited, and the clerk shall thereupon issue *scire-facias*, etc." R. S. p. 397.

All the decisions that have been cited by the defendant in error, have been rendered in cases arising under the latter statute when the party was recognized to appear before the Circuit Court; hence, in all those cases the statute required a forfeiture by the Circuit Court to be *declared in term.* The cases of Baker et al. v. People, 14 Ill. 313; Conner et al. v. People, 20 Ill, 382, were cases of the latter class.

We think the statute does not, as is contended, require the Circuit Court in cases like this to declare a forfeiture, but the entering of the default, and declaring a forfeiture of the latter be necessary under this section of the statute, is left with the justice—that it is his duty, and not that of the Circuit Court. It is provided in the latter part of said section 357: " That the justice shall certify the recognizance, together with the record of default to the court having cognizance of the offense, and like proceedings may be had thereon, as upon the breach of the conditions of a recognizance for appearance before such court, or an action of debt may be maintained thereon." Now in the Circuit Court upon the breach of the condition of the recognizance, what happens? *Scire facias* at once issues, and the court proceeds to final judgment after service of the *scire facias*. Again, an action of debt may be brought upon the filing of such justice's recognizance and transcript, and their becoming a record of the Circuit Court. It requires no declaration of forfeiture by the Circuit Court before an action of debt can be maintained.

These are all the objections to this *scire facias* that we deem it important to notice.

The proceedings before the justice appear to be regular in

every particular, and also in the Circuit Court. We hold the *scire facias* to be good, and that the court below erred in sustaining the demurrer to it. For this error the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.