SAMUEL MOREHEAD, et al., v. THE STATE OF KANSAS.

FORFEITED RECOGNIZANCE; When Action May be Brought. An action upon a forfeited recognizance can be commenced only after the adjournment of the court at which the forfeiture is taken.

Error from Brown District Court.

ONE Brierly had a preliminary examination before a justice of the peace, upon a criminal charge, and was held to bail for his appearance at the next term of the district court. A

recognizance was given, with *Samuel Morehead* and *A. H. Anderson* as sureties. Brierly failed to appear, and his recognizance was forfeited at the April Term 1876 of the district court. And thereupon, at said term, the county attorney brought this action on said recognizance in the name of *The State* against *Morehead* and *Anderson*. Trial at the April Term 1877. Findings and judgment in favor of the plaintiff, and defendants bring the case here on error.

*James Falloon*, for plaintiffs in error.

*C. E. Berry*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Action on a forfeited recognizance. Three defenses were interposed, of which one, and one only, seems to us of any validity. It is claimed that the action was prematurely brought, having been commenced during the term at which the forfeiture was taken. Section 153 of ch. 82, Gen. Stat., reads:

"The prosecuting attorney may, at any time after the adjournment of the court, proceed by action against the bail upon the recognizance. Said action shall be governed by the rules of civil pleading, as far as applicable."

Granting authority to do an act after a given time, impliedly prohibits the doing of the act before that time. *Expressio unius, exclusio alterius.* No force is given to the words, "after the adjournment of the court," if he may bring the action before the adjournment. And effect must be given if possible to all the terms of the legislative direction. Affirmative words, directing the doing of an act by a public officer at a given time, are often considered as merely directory, and the act sustained, though done at a later date. But this is where the matter of time is really immaterial, and no one's rights can be prejudiced by the delay. But where authority is given to do a certain act after the happening of some event, and the doing of the act prior to the event would operate to deprive a party of any rights, such party may insist that the act is prematurely done. Now

section 149 of the same chapter provides, that, "the bail, at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open court, or to the sheriff, and, upon the payment of all costs, may thereupon be discharged from any further liability upon the recognizance." The commencement of a suit creates costs. The earlier a suit is commenced, the sooner it passes into judgment. And if, as in the case at bar, the amount be within the jurisdiction of a justice of the peace, and suit brought in that court, it may pass into judgment in three days. Thus it might happen, that at the same term, and within a few days after the forfeiture, and before the bail had time to pursue, arrest, and surrender his principal, final judgment might be rendered against him. The statute evidently contemplated that the bail should have some reasonable time in which to obtain and surrender his defaulting principal, before he is exposed to the costs of a suit, or deprived by judgment of a right to escape liability. This right he was deprived of in this case by the premature commencement of the action on the recognizance.

The judgment of the district court will be reversed, and the case remanded with instructions to enter a judgment of dismissal of the action, on the ground of having been prematurely brought.

All the Justices concurring.