THE STATE OF KANSAS, *Appellee,* v. J. W. SMITH,
*Appellant.*

No. 16,466.

### SYLLABUS BY THE COURT.

1. PETITION—*Action on Forfeited Recognizance.* Under a statute authorizing the forfeiture of a recognizance only where the principal's failure to appear is without sufficient excuse, it is not necessary for the petition in an action upon a forfeited recognizance to negative the existence of such an excuse.

2. ACTIONS AND REMEDIES—*Forfeited Recognizance—Accrual of Action.* The provision of the criminal code (Crim. Code, § 153) that an action upon a recognizance shall not be brought until after the adjournment of the court has no application to a recognizance given for the appearance of a defendant before a justice of the peace, notwithstanding the statute provides that such recognizance shall be certified to the district court and that "like proceedings shall be had thereon as upon the breach of the condition of recognizance for appearance before that court." (Crim. Code, § 46.)

Appeal from Butler district court. Opinion filed October 8, 1910. Affirmed.

*George J. Benson,* and *T. A. Kramer,* for the appellant.

*Fred S. Jackson,* attorney-general, *K. M. Geddes,* county attorney, and *C. A. Leland,* for the appellee.

The opinion of the court was delivered by

MASON, J.: Harvey Smith, charged with a felony, was arrested and brought before a justice of the peace for examination. The hearing was postponed and he entered into a recognizance for his appearance, J. W. Smith becoming his surety. He failed to appear at the time set and the justice made an order adjudging the forfeiture of the bond. Within a few days the recognizance, with a transcript of the proceedings, was certified to the clerk of the district court, and an action was begun against the surety. Judgment was rendered

against the defendant and he appeals, urging that there should be a reversal for two reasons: First, because the petition did not allege that Harvey Smith's failure to appear for trial was without sufficient excuse, and, second, because the action on the bond was prematurely brought.

Section 152 of the criminal code provides for the forfeiture of a recognizance when the defendant fails to appear, "without sufficient excuse." The words quoted are omitted from a similar provision in section 46, which has special relation to proceedings before an examining magistrate. Assuming, however, that the section first referred to controls, it was not necessary to plead that the principal's nonappearance was without sufficient excuse. The justice of the peace in deciding that the bond should be forfeited necessarily decided that no such excuse existed, and the order of forfeiture is conclusive unless attacked directly. (34 Cyc. 555.) The allegation that the bond had been forfeited implied that all the conditions existed that were necessary to justify such an order. Moreover, the statute provides (Crim. Code, § 149) that the bondsman may escape liability by producing his defaulting principal and presenting a satisfactory excuse for his absence. The inference seems fair that merely proving an excuse would not be sufficient.

The recognizance was certified to the clerk of the district court during vacation, and the action upon it was brought before the ensuing term began. The statute provides that "the prosecuting attorney may at any time after the adjournment of the court proceed by action against the bail upon the recognizance." (Crim. Code, § 153.) This is held to imply that the action can not be begun until after the adjournment of the court. (*Morehead v. The State*, 20 Kan. 636.) Obviously, however, this provision only applies to recognizances for appearance before a court having definite terms. It can have no application to an undertaking to appear

before a justice of the peace. True, in such case the law provides that the justice shall certify the recognizance to the district court, and that "like proceedings shall be had thereon as upon the breach of the condition of recognizance for appearance before that court." (Crim. Code, § 46.) But this does not mean that the principal is required to appear in the district court, or that the surety has a full term of court in which to produce him there. The bond is certified to the district court merely for permanent preservation as a part of the files of a court of record. No new forfeiture or extension of time is contemplated.

The judgment is affirmed.