## NOLEN *et al.* v. STATE.

No. 4419.   Opinion Filed May 11, 1915.

Rehearing Denied July 6, 1915.

(150 Pac. 149.)

1. **BAIL—Action on Forfeited Recognizance—Petition—Negativing Defenses.** Under a statute authorizing the forfeiture of a recognizance where the principal's failure to appear is without sufficient excuse and the discharge of the forfeiture if the defendant, or his bail, before adjournment, appear and satisfactorily excuse his neglect, it is not necessary for the petition in an action upon a forfeited recognizance to negative the existence of such an excuse or to allege the failure to appear and satisfactorily explain the same.

2. **PLEADING—Frivolous Demurrer—Permission to File Answer—Discretion.** The question of filing pleadings out of time or of being permitted to answer after a demurrer has been adjudged frivolous rests largely within the discretion of the court, but must never be used arbitrarily, and the filing of the answer should be permitted except in extreme cases. Generally, the milder discipline of requiring the filing of the answers instanter, or of ruling them to trial at once or to paying the accrued costs, is the better rule.

(Syllabus by Mathews, C.)

*Error from District Court, Blaine County;*
*James R. Tolbert, Judge.*

Action by the State against H. D. Nolen and others on a forfeited bail bond. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

*Pruiett, Sniggs & Wilson,* for plaintiffs in error.

*A. L. Emery,* for defendant in error.

Opinion by MATHEWS, C. 1. This is an action upon a forfeited bail bond filed in the district court of Blaine county, the petition being as follows:

"PETITION.

"Now comes the state of Oklahoma, by and through the county attorney of Blaine county, and for its cause of action against each and all of the defendants says:

"That on the 23d day of February, 1909, the county attorney filed in the county court of Blaine county a complaint, charging the defendant, H. D. Nolen, with unlawfully soliciting Pete Nicholson to purchase intoxicating liquor; the same being case No. 1417, a true, full, complete, and correct copy of the said complaint is hereto attached, made a part hereof, and marked Exhibit A, to which attention is hereby called.

"Thereafter, on the 5th day of September, 1911, the said defendants, Moman Pruiett, W. D. Caldwell, and Ben Smith signed, executed, and delivered to the state of Oklahoma an appearance bond, and the said bond was duly filed by the said defendant, H. D. Nolen, in the county court of Blaine county, and on the said day said bond was duly approved by the Honorable George W. Ferguson, the county judge of Blaine county, pursuant to the order of the said court theretofore made and entered, conditioned for the personal appearance of the said H. D. Nolen on the first day of the October, 1911, term of the county court, and from day to day, and from term to term of said county court until discharged by due course of law, then and there in said county court to answer the said complaint filed against him; a true, full, complete, and correct copy of said appearance bond is hereto attached, made a part hereof, and marked Exhibit B, and to which attention is hereto called. Thereafter the said defendant H. D. Nolen was discharged from the custody of the sheriff and released.

"Thereafter, on the 26th day of February, 1912, the same being one of the regular January, 1912, terms of the county court, the said case No. 1417 was duly and legally called for trial pursuant to the assignment before made, the plaintiff was present by the county attorney, but the defendant was not present either in person or by counsel, and failed and neglected to appear according to

Nolen et al. v. State.

the terms and conditions of the said appearance bond, and made default thereof. Thereupon the court caused an entry to be made upon the journal and records of the said court, by the clerk of the court, that the said defendant H. D. Nolen failed and neglected to appear for trial, and the court had declared the said appearance bond forfeited, and directed the county attorney to enter suit to recover the penalty therein, to wit, the sum of seven hundred fifty ($750) dollars; a true, full, complete, and correct copy of the entry as made upon the journal and records of the county court as the same appears in Journal No. 7, p. 77, is hereto attached, made a part hereof, and marked Exhibit C, and to which attention is hereto called.

"That by reason of and on account of the forfeiture of the said bond, the said defendants and each of them are indebted to the state of Oklahoma, for the use and benefit of Blaine county, in the sum of seven hundred fifty ($750) dollars, and the said defendants and each of them have failed and neglected and refused to pay the said sum of seven hundred fifty ($750) dollars.

"Therefore the state of Oklahoma prays for a judgment against each and all of the said defendants for the sum of seven hundred fifty ($750) dollars and for the costs of this action and for such other and further relief as is just and equitable.

"A. L. EMERY, *County Attorney.*"

To this petition defendants filed the following demurrer:

"DEMURRER.

"Comes now the defendants and demur to the petition of the plaintiff herein filed for the following reasons:

"First. The plaintiff has no legal capacity to sue herein.

"Second. The plaintiff is not the real party in interest.

"Third. The petition does not state facts sufficient to constitute a cause of action against the defendants or either of them.

"PRUIETT, SNIGGS & WILSON,
*"Attorneys for Defendants."*

This demurrer was overruled and adjudged frivolous by the court, and that the same was filed for delay only. The defendants then asked leave to answer, which the court denied, and, upon motion of the state, entered judgment against the defendants for want of an answer.

2. The plaintiffs in error assign as error the refusal of the court to permit them to file an answer. The question for consideration is: Was the demurrer so frivolous that the court did not abuse his discretion in refusing defendants' permission to file answer?

A frivolous pleading is defined in Words and Phrases, vol. 4, p. 2979 (Old Series), as follows:

"A 'frivolous pleading' is one so clearly untenable or the insufficiency of which is so manifest upon a bare inspection of the pleading that the court or judge is able to determine its character without argument or research."

Plaintiffs in error contend that the petition filed against them was defective because it failed to allege that "the principal in the bail bond failed to appear without sufficient cause" and failed to "satisfactorily excuse his neglect."

Section 7112, Comp. Laws 1909 (6110, Rev. Laws 1910), provides:

"If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond, or undertaking, either for hearing, arraignment, trial, or judgment, or upon any other occasion when his presence in court or before the magistrate may be lawfully required, or to surrender himself in exe-

cution of the judgment, the court must direct the fact to be entered upon its minutes, and the recognizance, bond, or undertaking or bail, or  *  *  *  money deposited instead of bail, as the case may be, is and shall be thereupon declared forfeited. But, if at any time before  *  *  * final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect the court may direct the forfeiture to be discharged upon such terms as may be just."

The judgment of the court in overruling the demurrer of defendants was correct because the burden was upon them to show a sufficient excuse for their principal's failure to appear, and it was unnecessary for the state to allege or prove that there was no sufficient excuse. This knowledge was entirely in possession of the defendonts, and it would be unfair to place the burden upon the state to prove something which perhaps no one might know except the defendants.

In *State v. Smith*, 83 Kan. 240, 111 Pac. 184, we find:

"Under a statute authorizing the forfeiture of a recognizance only where the principal's failure to appear is without sufficient excuse, it is not necessary for the petition in an action upon a forfeited recognizance to negative the existence of such an excuse."

3. But was the demurrer manifestly frivolous? We hold that it was not. We know that too often attorneys are disposed to file demurrers against pleadings that are manifestly not subject to demurrer, and that it is a practice that should not be encouraged by the courts, but rightfully frowned upon, and, if persisted in, the trial court should declare them in default and refuse to give them permission to answer; but this power of the court should not be exercised until it becomes clearly manifest that the demurrer was devoid of merit. This harsh procedure should be the last resort to discipline a member of

the bar who persists in the habit of filing demurrers that are without merit. We hold that the demurrer filed in this case was not frivolous, and that the trial court should have permitted the filing of an answer.

In *Long v. Harris et al.*, 37 Okla. 472, 132 Pac. 473:

"It is conceded that permission to file pleadings out of time rests within the discretion of the court. Section 5646, Comp. Laws 1909, is as follows: 'The court, or any judge thereof in vacation, may, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this act, or by an order enlarge such time.' This discretion, of course, must be held to mean a sound judicial discretion, to be exercised justly and fairly in the light of the situation presented. It must not be exercised arbitrarily or in caprice."

The case of *Checotah Hardware Co. et al. v. Hensley*, 42 Okla. 260, 141 Pac. 422, while not directly in point, has a bearing on the instant case. In that case the following proceedings were had: On October 6, 1911, the demurrer to the petition was overruled, and defendants given 30 days to answer. Defendants appealed, and did not offer to answer until December 20, 1911, when defendants filed a motion to be allowed to answer, accompanied with a verified answer. The court refused to permit defendants to file their answer, adjudged them in default, and rendered judgment against them, from which action of the court defendants appealed. Upon the consideration of this appeal, Judge Brewer, rendering the opinion, says:

"We think the court should have allowed the defendants to file their answer and make a defense. It is true that the question of filing pleadings out of time rests largely within the discretion of the trial court; but this discretion must be a sound judicial one, dependent on all

the circumstances, and must never be used arbitrarily or capriciously. *. * * At the time this first appeal was taken it was a mooted question if it did not suspend further proceedings. Some very good lawyers thought it did; the court properly adjudged that it did not; but it seems to us that the excuse, considered in the light of all the circumstances, should have appealed strongly to the chancellor dispensing equity."

We suggest that the milder remedy of ruling them to answer, or to trial instanter, or to the payment of accrued costs, might be efficacious in most cases, and in but few instances should the harsher rule of declaring default be resorted to.

4. In considering the instant case we note that the statute upon the subject of forfeiture of bail bonds states that, "if without sufficient cause the defendant neglects to appear," the bond is to be declared forfeited, but is to be discharged if "the neglect is satisfactorily excused." Now, the question whether or not it is necessary for the state to allege or prove these facts is such that the average informed lawyer, without making any research, might honestly hold that it was such a necessary requirement, and, if no other facts developed to aid the court in reaching his decision, then we believe the court should not have arbitrarily declared the party in default of an answer.

We notice that the question raised by the defendants on their demurrer was so debatable as to have reached the Supreme Court of the State of Kansas in the case of the *State v. Smith*, 83 Kan. 240, 111 Pac. 184, and, while it was there decided adversely to defendants' contention, yet attorneys in this case deemed it so debatable that the Supreme Court was called upon to render a decision thereon.

For the reasons stated, the case will be reversed and remanded, with instructions to the court to permit defendants to answer.

By the Court: It is so ordered.