[Civ. No. 8115. Second Appellate District, Division Two.—November 3, 1933.]

COUNTY OF LOS ANGELES, Respondent, v. METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK (a Corporation), Appellant.

Henry L. Knoop for Appellant.

Everett W. Mattoon, County Counsel, and Robert A. Cushman and Fred M. Cross, Deputy County Counsel, for Respondent.

CRAIG, J.—A suit upon an undertaking furnished on behalf of a person charged with felony having been decided by the superior court in favor of the plaintiff, the defendant appealed.

The appellant states that the question presented is as to whether upon the record the period of limitation began to

run upon accruing of the cause of action or of the right to the remedy. The facts are not disputed. A complaint was filed on June 24, 1925, against one Eli Stanton, who, on July 1st, was held to answer to the superior court, posted said undertaking on July 3d, was informed against on July 24th, and was arraigned on July 27th, at which time the date of trial was set for the fourteenth day of September following. On August 22, 1930, owners of securities hypothecated moved to exonerate the said bond, which motion was denied, and the same was forfeited. He having failed to appear, and his undertaking remaining unpaid, suit was commenced by the county December 1, 1930, thereon.

It is insisted by the appellant that the cause of action arose, and the limitation upon the time within which an action could be instituted thereon commenced to run, when Stanton failed to appear for trial. The undertaking provided that the defendant would ''appear and answer the charge . . . mentioned in whatever court it may be prosecuted, and will at all times hold himself amenable to the orders and process of the court, and if convicted, will appear for judgment and render himself in execution thereof, or if he fails to perform either of these conditions, then we will pay'', etc. By section 1305 of the Penal Code it was then provided: ''If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited. But if at any time within twenty days after such entry in the minutes, the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just.'' Section 1306 provided: ''If the forfeiture is not discharged, as provided in the last section, the district attorney may *at any time after twenty days from the entry upon the minutes,* as provided in the last section, *proceed by action against the bail upon their undertaking.''* From the foregoing it seems apparent the surety was obligated to pay the amount agreed upon failure of the defend-

ant without satisfactory excuse to appear and answer the charge, or to comply with conditions requiring that he be amenable to orders and process of the court; but the law allowed him a period of twenty days within which to offer such excuse. By its complaint the respondent alleged that on August 22, 1930, "said court ordered the said bail forfeited, and said forfeiture was then duly entered upon the minutes of said court and said order of forfeiture has not been set aside".

Applied to a cause of action, the term to "accrue" means to arrive, to commence, to come into existence, to become a present enforceable demand. (*Eising* v. *Andrews,* 66 Conn. 58 [33 Atl. 585, 50 Am. St. Rep. 75].) "A cause of action 'accrues' from the time the right to sue for the breach attaches." (*Walker* v. *Bowman,* 27 Okl. 172 [111 Pac. 319, 30 L. R. A. (N. S.) 642, Ann. Cas. 1912B, 839].) A cause of action does not "accrue" until the party owning it is entitled to begin and prosecute an action thereon. It accrues at the moment when he has a legal right to sue on it, and not earlier. (*Jocque* v. *McRae,* 142 Mich. 370 [105 N. W. 874].) Many other cases might be cited to the same effect: *Amy* v. *Dubuque,* 98 U. S. 470 [25 L. Ed. 228]; *McGuigan* v. *Rolfe,* 80 Ill. App. 256; *Port Arthur Rice M. Co.* v. *Beaumont Rice Mills,* 105 Tex. 514 [143 S. W. 926, 148 S. W. 283, 150 S. W. 884, 152 S. W. 629]; *In re Hanlin's Estate,* 133 Wis. 140 [113 N. W. 411, 126 Am. St. Rep. 938, 17 L. R. A. (N. S.) 1189].

The statute directs that if the principal shall neglect to appear for arraignment, trial or judgment, or upon any other occasion when his presence in court is lawfully required, his bail must be forfeited. It places no limitation upon the time within which such forfeiture shall be entered. Until then he may appear with or without his surety, or he may appear within twenty days thereafter and with satisfactory excuse have his surety exonerated. Any attempt at enforcement of the undertaking prior to forfeiture would be futile. As was stated in an early case: " 'The law requires no man to do a vain thing,' is a familiar maxim, and certainly it would be vain to require a party to surrender to an officer having no power to detain him." (*Allen* v. *Breslauer,* 8 Cal. 552.) It has on numerous occasions been held in other jurisdictions that forfeiture is a prerequi-

site to an action upon such undertakings. (*Peacock* v. *People*, 83 Ill. 331; *People* v. *Race*, 2 Ill. App. 563; *Baldwin* v. *State*, 126 Ind. 24 [25 N. E. 820]; *State* v. *Gorley*, 2 Iowa, 52; *State* v. *Smith*, 83 Kan. 240 [111 Pac. 184].) It cannot be said from the language of the foregoing sections that such obligation became actionable until established by the procedure therein prescribed. What has been said herein must be held to apply to other undertakings included in the action and presented upon the same facts.

The judgment is affirmed.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 1, 1933, and the opinion amended to read as above.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 30, 1933.