MARTHA HARRISON *et al.* v. THE MASONIC MUTUAL BENEFIT SOCIETY.

**No. 10356.**

LIFE INSURANCE—*death established by absence without communication since 1883, petition alleging death in 1883, proofs furnished in 1884 too late, and action barred.* The plaintiffs in error, who are the beneficiaries of a certificate of membership of H, in a mutual benefit society, alleged and established the death of H in 1883, by evidence that he disappeared from all his friends and acquaintances at that time and that he had never since been heard from. Proof of his death, which by the terms of the certificate was a condition precedent to the liability of the society to pay, was not furnished until July 1894. *Held*, that this was an unreasonable delay, and that the Statute of Limitations barred the action.

Error from Shawnee District Court.   Z. T. Hazen, Judge.   Opinion filed January 8, 1898.   *Affirmed.*

*H. C. Root* and *D. R. Hite,* for plaintiffs in error.

*George W. Clark,* for defendant in error.

ALLEN, J.   The plaintiffs in error, as the widow and children of James Harrison, brought this suit on a certificate of membership in the Masonic Mutual Benefit Society issued to him on the twenty-ninth of October, 1879.   It is alleged in the amended petition that all dues and assessments payable by the terms of the certificate for and including the year 1883 were duly paid; that in the year 1883, and prior to the fifth of November, James Harrison came to his death in some manner unknown to the plaintiffs; and that they were unable to furnish proofs of his death until the sixth of June, 1894, when such proof was duly made.   It appears from the testimony that James Harrison, with his family, consisting of his wife and several children, resided on a farm near Holton, in Jackson county; that he was a master mason in good

standing; that his domestic relations were pleasant, and that he had no serious financial embarrassments. Early in March, 1883, he left his home with a team of horses, wagon, and harness, in search of work. He informed his family that he intended to go to work on a railroad, and that it would be about fifty miles from Topeka, but that he might have to go farther. He stated to his wife that he would write in three days. On his way, he stopped at Topeka and paid two assessments on his certificate, a current one then due and one in advance, which continued his membership until sometime in October following. He was never seen or heard from after that. About ten days after he went away, the plaintiffs commenced to make inquiries about him, but were not able to get any trace of him, or of the team and wagon with which he started out. At the request of the plaintiffs, Mr. Nellis, the secretary of the society, made inquiries without success. The certificate of membership provides that the amount due thereunder shall be paid "within thirty days after due notice and satisfactory evidence of the death of said James Harrison." While the secretary of the society was notified of the disappearance of Harrison, no formal proof was presented until the fifth of July, 1894. The answer denied liability, and alleged that the policy had become inoperative by reason of the failure of Harrison to pay assessments thereon and that the plaintiff's action was barred by the Statute of Limitations. At the conclusion of the testimony in the case, the court directed a verdict for the defendant. The correctness of this ruling is now before us for determination.

It is contended that it was impossible for the plaintiffs to furnish due proofs of the death of James Harrison until aided by the presumption arising from his unexplained absence for seven years; and that this is

a sufficient excuse for the delay of the plaintiffs in presenting their proof. It is said that the court held that the testimony established the fact of Harrison's death in 1883, and that, while there was evidence to uphold a finding to that effect, the jury were not bound to so find, but might have fixed the time of his death at a later date. It is true that there is nothing in the testimony indicating the exact time or manner of the death of James Harrison; but it is distinctly averred in the amended petition that he came to his death in 1883. It was essential to the plaintiffs' case that this fact should be established; for if the death occurred at a later time, the policy became void by reason of nonpayment of assessments. The court was bound, in the absence of any amendment to the petition, to regard the death of Harrison in 1883 as an established fact.

The only remaining question, then, was and is whether the action was barred by the Statute of Limitations. Proof of death was not made until July, 1894,— more than ten years and a half after death occurred. It is well settled that, where some step must be taken by the plaintiff preliminary to his right to maintain an action, he cannot by delaying it indefinitely prolong the time for commencing his suit. Where the act to be done is wholly within his own control, he must perform it within a reasonable time; and it has been said that a reasonable time can never exceed the period within which an action would have been barred by the Statute of Limitations in a case where no such preliminary step would be necessary. *A. T. & S. F. Rld. Co. v. Burlingame Township*, 36 Kan. 628, 14 Pac. 271; *Rork v. Comm'rs of Douglas Co.*, 46 id. 175, 26 Pac. 391; *Bauserman v. Charlott*, 46 id. 480, 26 Pac. 1051; *Kulp v. Kulp*, 51 Kan. 341, 32 Pac. 1118. Even allowing to plaintiffs five years

after the time they aver James Harrison came to his death to make proofs of loss, they should have been furnished to the defendant in 1889. They were not furnished for more than five years thereafter. It certainly cannot be said that proofs furnished in July, 1894, were within a reasonable time. If the plaintiffs' cause of action should be held not to have accrued until that time, there would be a most unreasonable extension of the Statute of Limitations; for a suit might then be commenced at any time before July, 1899. It is clear that the proofs were not furnished within a reasonable time; and it must be held that whatever cause of action the plaintiffs may have had is barred by lapse of time.

The judgment is affirmed.

Johnston, J., not sitting.