[No. 8535.  Department One.  January 22, 1910.]

DAVID EDWARDS, *Appellant*, v. W. W. BECK *et al.*, *Respondents*.[1]

VENDOR AND PURCHASER—FAILURE TO CONVEY—RIGHTS OF VENDEE —LIMITATION OF ACTIONS—TRUSTS—NOTICE OF ACCRUAL.  Vendors who had given a bond for a deed and had received the full purchase price, are not trustees of the legal title for the vendee so as to arrest the running of the statute of limitations, where the vendee never took possession of the property; and any action by heirs of the vendee for relief, upon the grantors' conveyance to third persons, is subject to the statute of limitations, which begins to run when the right accrues, although the heirs allege that they were without notice of their rights.

Appeal from a judgment of the superior court for King county, Main, J., entered June 23, 1907, upon sustaining a demurrer to the complaint, dismissing an action for an accounting.  Affirmed.

*Harry E. Warner* and *France & Biddle*, for appellant, contended, that in equity, the vendor becomes the trustee of the legal title for the purchaser.  25 Cyc. 1167; Wood, Limitation of Actions, page 438, § 219.  The trust relation being established, the statute of limitations did not begin to run until notice of breach of the trust.  *Irwin v. Holbrook*, 26 Wash. 89, 66 Pac. 116; *Fidelity Nat. Bank v. Adams*, 38

[1]Reported in 106 Pac. 492.

Wash. 75, 80 Pac. 284; *Sterns v. Hochbrunn*, 24 Wash. 206, 64 Pac. 165; *Chicago & E. I. R. Co. v. Hay*, 119 Ill. 493, 10 N. E. 29; *Love v. Watkins*, 40 Cal. 547, 6 Am. Rep. 624; *Holman v. Criswell*, 15 Tex. 394; *Hemming v. Zimmerschitte*, 4 Tex. 159; *Vardeman v. Lawson*, 17 Tex. 10; *Newsom v. Davis*, 20 Tex. 419; *Harris v. King*, 16 Ark. 122; *Whittington v. Flint*, 43 Ark. 504, 51 Am. Rep. 572; *Coleman v. Hill*, 44 Ark. 452. On petition for rehearing, they contended that *Luco v. Toro* (Cal.), 18 Pac. 866, was overruled in *Luco v. De Toro*, 91 Cal. 405, 27 Pac. 1082. The possession of the trustee is the possession of the *cestui que trust* and is not adverse thereto. Buswell, Limitations and Adverse Possession, p. 475, § 341; *Id.*, p. 456, § 327; 1 Cyc. 1049, § 15; 28 Am. & Eng. Ency. Law, pp. 1133, 1134, §§ 2, 3; 2 Am. & Eng. Ency. Law, p. 477, § 5a; 1 Am. Digest (Century ed.), p. 2282, § 333, and cases cited; Hill, Trustees, § 264, note 3; Tiffany and Bullard, Trusts and Trustees, 715, 717; Angell, Limitations, §§ 137, 138; Pomeroy, Equity Jurisdiction, §§ 105, 147, 155, 368, 1010, and 1046; *Harris v. King; Hemming v. Zimmerschitte; Holman v. Criswell,* and *Love v. Watkins, supra.* The defense of adverse possession cannot be set up to establish title, where the relation of vendor and vendee exists between the parties. *County of Alleghany v. Parrish*, 93 Va. 615, 25 S. E. 882; *Hads v. Tiernan*, 213 Pa. 44, 62 Atl. 172; *Speidel v. Henrici*, 120 U. S. 377.

*Peters & Powell,* for respondents.

Morris, J.—On the 5th day of February, 1890, the respondents executed and delivered to John Brown their bond for a deed to certain lands in Seattle, conditioned upon the payment of a sum of money on or before October 1, 1890. The amended complaint alleges the payment of this sum prior to the time fixed, and the death of John Brown on September 17, 1894, leaving him surviving Earl Brown, a son, and

Loretta A. Brown, a daughter. On September 18, 1894, the respondents executed their deed, whereby they conveyed the lands to John Brown, which deed was not recorded. On June 27, 1903, respondents conveyed the lands in question to H. McCord and O. E. Kenyon, who placed their deed on record. It is further alleged that Earl Brown and Loretta Brown had no knowledge of the above facts until some time within the year 1908, and that in October of that year they conveyed the lands for a valuable consideration to the appellant, and also assigned to him all their right, title, and interest arising under the bond. The prayer of the complaint is for an accounting, and for judgment for all sums found due. To this amended complaint respondents demurred, upon the grounds that it did not state facts sufficient to constitute a cause of action, and that the action was not commenced within the time limited by law. This demurrer being sustained, appellant refused to plead further and, judgment being entered against him, he appeals.

It is contended by appellant that respondents were trustees of the legal title for John Brown, and that the statute of limitations does not run against such a relation until notice of the breach, which was in October, 1908. Such a rule has been announced in a number of cases, but from our examination of the authorities we think the better rule, and the one established by the better reasoning, is to apply the doctrine only where the vendee is in possession of the land; the distinction between the two cases, and the reason for the latter rule, being that, where the vendee is in possession, the contract is executed upon both sides; the vendor has received all that is due him under his bond, and the vendee has obtained the possession of the land purchased. There is nothing remaining except the formal execution and delivery of the evidence of the title. With this exception there has been a specific performance of the contract, and the vendor, having recognized the vendee's right to possession, cannot defeat his further right to that which is the muniment of his title.

The vendor, having recognized and acquiesced in the vendee's possession, must likewise recognize and acquiesce in that which supports and defends his continued possession. When, however, the vendee is out of possession, as in the case before us, the reason upon which the former rule is based no longer exists, and following a well recognized doctrine, the reason for the rule failing, the rule itself fails.

The vendee is, however, not without his remedy. He has his action to enforce the specific performance of his bond, or if that be futile or not desired, he has his action for damages for its breach. There is good ground for holding he would have a third remedy in a case where, as appears here, the vendor has made a sale of the land to a third party. He could recognize the sale and bring an action as for money received for his benefit. These rights of action are, however, subject to the running of the statute of limitations and, as in all other cases where the statute will defeat the right of recovery, the statute begins to run from the time when the right of action accrues. In his argument to the court appellant placed his main reliance upon *Chicago etc. R. Co. v. Hay*, 119 Ill. 493, 10 N. E. 29, and *Love v. Watkins*, 40 Cal. 547, 6 Am. Rep. 624. In each of these cases the vendee was in possession, and such fact is dwelt upon by the court in announcing the reason for its rule. In the subsequent California case of *Luco v. Toro* (Cal.), 18 Pac. 866, the court refused to extend the rule to a case where the vendee was not in possession, and refers to the fact that the vendee was in possession as the reason for the rule in *Love v. Watkins*, and therefore calling for the application of a different principle. Other cases are cited from Texas and Arkansas, in some of which the vendee was in possession; in others, not.

That the statute will run against an action for specific performance was held in *Wilt v. Buchtel*, 2 Wash. Ter. 417, 7 Pac. 891. Appellant is not here seeking specific performance. Neither is he seeking damages as upon a breach of the covenant of the bond. He is rather ratifying and acquiescing

in the sale to McCord and Kenyon; and, treating the money received from such sale as a trust fund held for his benefit, he seeks its recovery. He prays for an accounting, but manifestly there could be nothing to account for except the sum derived from the sale of the land. So that, whether the action be construed as one seeking the value of the land rather than the land itself, or one in which it is sought to compel the respondents to pay over money retained by them upon a sale of the appellant's lands, the statute would in either case have run its full course, and the action could not be maintained.

The ruling upon the demurrer was proper, and the judgment is sustained.

RUDKIN, C. J., CHADWICK, FULLERTON, and GOSE, JJ., concur.