**UNITED STATES v. HAYMAN et al.**

**No. 6443.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1932.

S. D. Bennett, U. S. Atty., of Beaumont, Tex., and Eric Eades, Regional Atty., Veterans' Administration, of Dallas, Tex., for the United States.

J. Cleo Thompson, of Dallas, Tex., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellee, more than ten years after her son had last been heard from, brought this suit to recover on his war risk insurance policy. This appeal is prosecuted from a verdict finding that he died on October 12, 1918, the last day on which he was seen by any person.

There is no dispute in the testimony; the evidence came in without contradiction. The point pressed below and here by the United States is that the facts established by the evidence are not sufficient to support the verdict. These facts were that the soldier was, at the time of his disappearance, afflicted with Jacksonian epilepsy; that he was a home-loving, affectionate, and dutiful son; that nothing in his past furnished any reason for his absenting himself, or gave warrant for the belief that he would, if living, disappear and absent himself from his home, his relatives and his friends, without in the ten years which have since elapsed communicating with them; that wide, diligent, and prolonged search, instituted and pressed both by the government and the family of the soldier, failed to find any trace of him.

The District Judge was of the opinion that the seven years absenting which, at common law and in Texas by statute (Rev. St. Tex. 1925, art. 5541), raises the presumption that the absentee is dead, so emphasized and gave probative force to these circumstances that they made a case for a jury verdict.

We think the District Judge was right. The presumption that a person absenting himself for seven years successively is dead, originating in the statute of bigamy and other statutes, and adapted by analogy to other states of fact, is a part of the statutory and common law of England and of the statutory and common law of the states. Sometimes, but not by weight of authority (U. S. v. Robertson (C. C. A.) 44 F.(2d) 317, 318; Glasscock v. Weare, 192 Ky. 654, 234 S. W. 216) it is stated as a presumption of the continuance of life. In some jurisdictions it is said of it that a person is presumed to be living until the last day of the seven years, when the presumption becomes operative, but this is not the statement of the rule as it is generally received. On the contrary, the presumption is not a positive one that the absent person has remained alive until the end of the seven years, but a negative one raised at the end of seven years that he is not living, that at some time during the period he died. Greenleaf on Evidence (16th Ed.) vol. 1, p. 138, § 4; Wigmore on Evidence (2d Ed.) §§ 158 and 2531; N. Y. Life Ins. Co. v. Brame, 112 Miss. 828, 73 So. 806, L. R. A. 1918B, 86; McLaughlin v. Sovereign Camp, 97 Neb. 71, 149 N. W. 112, L. R. A. 1917B, 756, and note, Ann. Cas. 1917A, 82; Sovereign Camp v. Boden, 117 Tex. 229, 1 S.W.(2d) 256, 61 A. L. R. 682; Am. Nat. Ins. Co. v. Hicks (Tex. Com. App.) 35 S.W.(2d) 128, 132, 75 A. L. R. 623.

It is a corollary of the rule, that the presumption is only as to the fact, and not as to the time, of death, that the burden is upon the one asserting death at a particular time, to fix by evidence, in addition to the lapse of seven years, the time when the death occurred. In what may be called "disappearance cases," where no actual, positive, and final proof is or perhaps ever can be made that the person is dead, it is for the court primarily to say whether the evidence is sufficient to support an inference of death at any particular time, and for the jury, where the evidence is deemed sufficient to make the issue, to determine the time of death.

It has been said by some courts that proof of disappearance without reason therefor, of a person of good family habits, who, though diligently searched for, has never been seen or heard from since the day of his disappearance, is not, in the absence of additional proof that the person was at or about the time of disappearance exposed to some specific peril or danger from external hazard or from disease, sufficient to make an issue for

the jury. Of this line of cases Davie v. Briggs, 97 U. S. 628, 24 L. Ed. 1086, is the leading case. Among other cases following it, cited and relied on by appellant, are McCune v. U. S. (C. C. A.) 56 F.(2d) 572; U. S. v. Robertson (C. C. A.) 44 F.(2d) 317.

Another line of cases, led by Tisdale v. Mutual Life Ins. Co., 26 Iowa, 170, 96 Am. Dec. 136, followed in many states, including the state of Texas (see cases supra) hold that the fact of the disappearance with no reason for it, the fact that though home-bound in his affections and habits, the absent one is never heard of again is itself without more, especially after seven years have passed, sufficient to support a verdict of death at the time of disappearance.

The reasoning back of this line of cases is perhaps best stated in N. Y. Life Ins. Co. v. Brame, 112 Miss. 828, 73 So. 806, 810, L. R. A. 1918B, 86. After discussing the two lines of authorities, those requiring proof of exposure to peril and those holding the circumstances of disappearance and absence after seven years in themselves sufficient on the particular facts to make an issue for the jury, the court said: "In the case at bar, however, without the aid of the presumption of death, a jury would not have been authorized, nor would a court have permitted a verdict to stand, which found that the insured died on the night of his disappearance in Vicksburg. It is only when the facts of the disappearance are considered in connection with the time of his absence that a jury is authorized in finding as they did in this case."

The Supreme Court of Texas takes the same view in American Nat. Ins. Co. v. Hicks (Tex. Com. App.) 35 S.W.(2d) 128, 132, 75 A. L. R. 623. It there said: "She was without the means of furnishing sufficient legal testimony to support it [her claim of death], until the fact had developed that Archie Hicks had absented himself for seven years successively. When this fact developed, the defendant, in error, for the first time, was in possession of sufficient legal evidence to support her cause of action. Aided by this potent fact, the other facts in the case became entitled to more weight * * * than they could possibly have been entitled to have been given, until the development by time of the fact that Archie Hicks had absented himself for seven years."

■ The Supreme Court of the United States has itself declined to accept as exclusive the rule of Davie v. Briggs, that proof must be made that at the time of the disappearance the person was subjected to peril or danger.

Fidelity Mutual Life Ins. Co. v. Mettler, 185 U. S. 308, 22 S. Ct. 662, 46 L. Ed. 922; cf. Wigmore Evid., § 2531. In that case it was declared that the inference of death might arise from a disappearance inconsistent with the continuance of life even though exposure to particular peril is not shown. Though we think this statement accords with the weight of authority and that proof of death after seven years absence may be made circumstantially by evidence which produces the belief that it is more reasonable to believe that the absentee died, than that he disappeared, even without proof that he was exposed to specific peril, it is not necessary for us to so decide. This case fully satisfies both rules. The deceased was last seen more than ten years ago in the Muscles Shoals community, where, as many others were doing, he had gone, a stranger in a community of strangers crowded with a floating population working and seeking work on the great river project there. He was home-loving, affectionate and dutiful. Though diligent inquiry and search has been prosecuted, he has not since been heard of or from. Undisputed medical opinion given on the trial was to the effect that at the time of his disappearance he was exposed to the specific peril of death from sudden seizure.

The judgment is affirmed.