### HOWARD v. UNITED STATES.
#### No. 32.

District Court, W. D. Washington, N. D.

Sept. 1, 1939.

Furber & Furber, of Seattle, Wash., for plaintiff.

J. Clark Dennis, U. S. Atty., of Seattle, Wash.

YANKWICH, District Judge.

The plaintiff has brought suit to recover upon a $5,000 war risk insurance policy, issued to her former husband, Charles Angelo Navone, on May 1, 1922, in which she is named as beneficiary and which was in full force on March 1, 1930.

On that day, Navone disappeared, while a passenger on a Lake Washington ferry, under circumstances which indicated suicide. His body was never found.

Recovery is sought on the presumption of death at the expiration of seven years.

Claim was duly made at the expiration of this period and denied on October 31, 1938. The amount sought to be recovered is $4,389.30.

The Government has moved to dismiss the complaint upon the ground that it does not state a claim, and that the action is not timely, being barred by Section 445, Title 38, U.S.C.A. The pleading is denominated a demurrer. Demurrers are

986

now abolished. Rule 7(c), Federal Rules of 'Civil Procedure, 28 U.S.C.A. following section 723c. However, as the grounds urged 'are available under a motion to dismiss (Rule 12(b), Federal Rules of Civil Procedure), we treat the pleading as such.

■ Section 445, Title 38, U.S.C.A., is a statute of limitations and the Government's consent to be sued. Its terms cannot be extended. Munro v. United States, 1938, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633. It has been decided very recently that, in interpreting a claim upon a war risk policy based on death, the contingency which starts the running of the statute is *death*. United States v. Towery, 1939, 306 U.S. 324, 59 S.Ct. 522, 83 L.Ed. 678. Unexplained absence for a period of seven years gives rise to a presumption of death. This presumption is *as to the fact of death and not as to time of death*. See Davie v. Briggs, 1878, 97 U.S. 628, 24 L.Ed. 1086; United States v. O'Brien, 1931, 4 Cir., 51 F.2d 37; McCune v. United States, 1932, 6 Cir., 56 F.2d 572, 573; Penn Mutual Life Ins. Co. v. Tilton, 1936, 10 Cir., 84 F.2d 10.

As said in United States v. Hayman, 1932, 5 Cir., 62 F.2d 118, 119:

"The presumption that a person absenting himself for seven years successively is dead, originating in the statute of bigamy and other statutes, and adapted by analogy to other states of fact, is a part of the statutory and common law of England and of the statutory and 'common law of the states. Sometimes, but not by weight of authority (United States v. Robertson [9 Cir.], 44 F.2d 317, 318; Glasscock v. Weare, 192 Ky. 654, 234 S.W. 216) it is stated as a presumption of the continuance of life. In some jurisdictions it is said of it that a person is presumed to be living until the last day of the seven years, when the presumption becomes operative, but this is not the statement of the rule as it is generally received. On the contrary, the presumption is not a positive one that the absent person has remained alive until the end of the seven years, but a negative one raised at the end of seven years that he is not living, that at some time during the period he died. Greenleaf on Evidence, 16th Ed., vol. 1, p. 138 § 4; Wigmore on Evidence, 2d Ed., §§ 158 and 2531; New York Life Ins. Co. v. Brame, 112 Miss. 828, 73 So. 806, L.R.A.1918B, 86; McLaughlin v. Sovereign Camp, W.O.W., 97 Neb. 71, 149 N.W. 112, L.R.A.1915B, 756, and note, Ann.Cas.1917A, [79], 82; Sovereign Camp, W. O. W., v. Boden, 117 Tex. 229, 1 S. W.2d 256, 61 A.L.R. 682; American Nat. Ins. Co. v. Hicks, Tex.Com.App., 35 S. W.2d 128, 132, 75 A.L.R. 623.

"It is a corollary of the rule, that the presumption is only *as to the fact, and not as to the time, of death*, that the burden is upon the one asserting death at a particular time, to fix by evidence, in addition to the lapse of seven years, the time when the death occurred. In what may be called 'disappearance cases,' *where no actual, positive, and final proof is or perhaps ever can be made that the person is dead, it is for the court primarily to say whether the evidence is sufficient to support an inference of death at any particular time, and for the jury, where the evidence is deemed sufficient to make the issue, to determine the time of death*." (Italics added)

In interpreting the statutory limitation in Washington as applied to a private policy upon the life of the same assured, the Supreme Court of Washington in Alta Mae Howard v. Equitable Life Assurance Soc., 1938, Wash., 85 P.2d 253, 119 A.L.R. 1302, held that the presumption of death arising from seven years' absence suspends the statute, saying:

"Under Rem.Rev.Stat., § 155 [P.C. § 8160], actions can only be commenced within the time prescribed by the statute of limitations after the cause of action has accrued. *A cause of action accrues when it becomes a present enforcible demand, when the party owning it is entitled to begin and prosecute an action thereon. It accrues at the moment he has a legal right to maintain an action to enforce it and the statute of limitations is then set in motion.* Edwards v. Beck, 57 Wash. 80, 106 P. 492; Los Angeles County v. Metropolitan Casualty Ins. Co., 135 Cal. App. 26, 26 P.2d 699; Sweetser v. Fox, 43 Utah 40, 134 P. 599, 47 L.R.A.,N.S., 145, Ann.Cas.1916C, 620.

"It is evident that respondent did not *have the legal right or ability to maintain an action upon the policy issued to her husband until the seven-year period had expired which enabled her to prove her husband's death.* Prior to that time she owned a cause of action, but it had not ripened into one that could be enforced. 7 Couch, Cyclopedia of Insurance Law, 1930 Ed., 5729 § 1640, states:

"'Where it is necessary to rely on the presumption of death arising from seven years' unexplained absence, the general rule is that the cause of action accrues at the expiration of the seven-year period, so that proofs of loss cannot be made before such expiration, and in the absence of contract or statutory provision to the contrary, limitations run from the date thereof; that is, where limitations run from the date of death, and death is established by the presumption arising from seven years' unexplained absence, *the limitation period runs from the date when the presumption of death arose.* In fact, in case death has to be inferred from seven years' unexplained absence, proof of death cannot be made until the expiration of such period, *and, consequently, the statute of limitation does not begin to run until such proofs can be made.* Again, if a statute provides that all actions for which no period of limitation is prescribed shall be commenced within six years next after the cause of action accrued, and not thereafter, and insured had disappeared, and the fact of his death was disputed by insurer, a cause of action is held not to accrue within the meaning of the statute until the expiration of the time when the presumption of death in such cases is raised.' * * *

"We are of the opinion, however, that the rule, recognized by the great weight of authority, namely, that *no cause of action accrues until the expiration of the seven-year period when proof of death can be made, where the fact of the death of the insured must be established by the aid of the presumption arising from his unexplained absence for seven years, should be adhered to. Under that rule an action commenced within the six-year period, following the expiration of the seven-year presumption period, is timely.*" Howard v. Equitable Life Assurance Soc. supra, 85 P.2d at page 256, 119 A.L.R. 1302. (Italics added)

■ The Government asserts that to apply this principle here would be to change the condition which the sovereign has imposed upon the right to be sued,—namely, the institution of the suit within six years.

Death, if it *actually* occurs, *causes the right of action to accrue.* But, where reliance is placed *not upon actual death, but upon the presumption* arising from unexplained absence for a period of seven years, the right to sue *does not come* into

being until after the expiration of the period.

Only after the period has run fully, can *the fact of death* be proved.

In using the presumption to suspend the running of the statute, we *are not* extending the period during which the consent of the sovereign is effective. Absent direct proof of *the fact of death,* which inaugurates the limitation period, the *presumption* which the seven-year period supplies as proof of the fact is used instead. So that all we do is to give effect to a presumption without which there *could be no* proof of death.

As the Government's duty to pay stems from the fact of death, the Government is not harmed when, absent direct proof of that fact, the legal presumption from absence is used as an aid or a substitute. For, if suit were instituted before the expiration of the seven-year period, and the assured, like Enoch Arden, later returned, the Government might be confronted by conflicting claims or find that it had paid in full a policy upon the life of a person who is still living and who would, ordinarily, still be obligated to the continued payment of the premiums.

If the beneficiary waits the full seven years, he or she is playing fair with the Government. For, by resorting to the aid of the presumption in proof of death, any future claim that death, *as a fact,* actually *did not* exist in the case is forestalled.

■ A policy of liberalism permeates the entire structure of war risk insurance.

Limitation periods, being consents of the sovereign to be sued, should not be extended beyond their true import. But we should not deprive a soldier's beneficiary of the benefit of the contract of insurance which he, providently, made for her, by forcing her to prove actual death in a disappearance case where it may be impossible and run the risk of failing to prove her claim, because of the failure to find the body,—when, by waiting for seven years, she may call to her aid in proving death, this salutary presumption, which has long enjoyed judicial sanction in England and the United States.

We are of the view, therefore, that the action is not barred.

The motion to dismiss, denominated demurrer, and the motion to strike will, therefore, be denied. Twenty days to answer.