**UNITED STATES of America,**
**Appellant,**

v.

**Edna WILLHITE, Appellee.**

**No. 6890.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 17, 1954.

Decided Feb. 2, 1955.

**344**

Benjamin Forman, Atty., Department of Justice, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., Julian T. Gaskill, U. S. Atty., Goldsboro, N. C., and Samuel D. Slade, Atty., Department of Justice, Washington, D. C., on brief), for appellant.

Cyrus F. Lee, Wilson, N. C., (Frances McGovern, Akron, Ohio, and Talmadge L. Narron, Wilson, N. C., on brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and THOMSEN, District Judge.

THOMSEN, District Judge.

On this appeal by the Government from a judgment in favor of the beneficiary in an action on a National Service Life Insurance policy, the principal questions are whether there is sufficient evidence from which a jury might find that the insured soldier died before May 1, 1944, when his policy lapsed, and whether the action is barred by the six year statute of limitations.

On March 13, 1944, George Skinner, a soldier in the United States Army, applied for a National Service Life Insurance policy in the face amount of $10,-000. He designated his wife Edna May Skinner, now Edna May Willhite, the Appellee, as principal beneficiary, and his father Robert Skinner as contingent beneficiary. In due course, a policy was issued effective March 1, 1944, and an allotment from his Army pay was established.

On March 24, 1944, the Army unit to which the insured was assigned embarked for an overseas destination. However, on March 23, 1944, the insured had been officially listed as absent without leave on the morning report. There is no evidence in the record to show either that the insured accompanied his fellow soldiers or that the Army or any other branch of the Government took any steps to locate him. Pursuant to Army regulations, his allotment was discontinued effective March 31, 1944. No further premiums were paid on the insurance policy, but by virtue of the grace period the policy remained in full force through May 1, 1944.

The insured was last seen by his family on March 20, 1944. He was then at home in Wilson, North Carolina, on pass prior to his imminent departure for overseas duty. He left his home on the morning of that day presumably to return to Camp Patrick Henry, Virginia. But, as stated above, there is no evidence that he reported back to his Army unit, and his family has not heard from him since that time. The evidence indicates that the insured was on good terms with his family and was accustomed to write home regularly. On his last visit home, he appeared to be extremely nervous and stated to his father and his aunt, but not to his wife, that he would kill himself before going overseas. His aunt testified that he told her—"this is the last time I will be here. They think they are going to send me overseas but I will die before I go." His father testified that the insured's parting words to him were "to take care of his dog, that he never expected to see either one of us again." On the other hand, when he left home on the morning of March 20, he told his family that he was going back to camp and told his wife that he would write her as soon as he learned his new address and would write her a letter as soon as he was able to do so.

The original claim on the policy was made by Robert Skinner, the insured's father, and on January 26, 1953, after the Veterans' Administration had denied

his claim, the father instituted this action. On March 30, 1953, the insured's wife, who had gotten a divorce after his disappearance and has since remarried, intervened as a defendant and filed a cross claim against the United States. It has been stipulated that she was the principal beneficiary under the policy and that the original plaintiff has no right of recovery.

Relying on 38 U.S.C.A. § 445, which provides that suit must be brought "within six years after the right accrued for which the claim is made", the United States moved for summary judgment. That motion was denied.

The action was then tried before a jury. At the conclusion of the Appellee's case and again at the conclusion of the Government's case, the Government renewed its motion to dismiss and also moved for a directed verdict. The court reserved rulings on both motions.

Two special interrogatories were submitted to the jury: (1) Is the insured George Skinner, now deceased? (2) If so, did he come to his death prior to May 1, 1944? The jury answered "yes" to both questions.

After the verdict was returned, the Government, orally and in writing, renewed its motion for a directed verdict and moved for a new trial. All of the motions were denied by the District Judge, who entered judgment that the Appellee recover the death benefits payable under the policy, and that Appellee "recover of the defendant interest at the rate of four per cent (4%) upon any presently accrued amounts from the date of this Judgment, together with costs actually incurred for witnesses and fees paid to the Clerk of the Court."

The Government has appealed from that judgment and urges three points: (1) that the evidence as to the time of insured's death was insufficient to establish a case for the consideration of the jury; (2) that under 38 U.S.C.A. § 445 Appellee's claim was time barred and the District Court lacked jurisdiction of the action; and (3) that the District Court erred in allowing interest and costs against the United States.

(1) There is no direct evidence of the date of the insured's death. Indeed, there is no direct evidence that he is dead, and no circumstantial evidence of his death such as there was in Fidelity Mutual Life Association v. Mettler, 185 U.S. 308, 22 S.Ct. 662, 46 L.Ed. 922; Harvey v. Fidelity & Casualty Co., 6 Cir., 200 F. 925; Prudential Insurance Co. of America v. Stewart, 9 Cir., 286 F. 321, and Brownlee v. Mutual Benefit Health & Accident Ass'n, 9 Cir., 29 F.2d 71. Appellee, therefore, had to rely upon the presumption of death created by the absence of a person for a period of seven years, 38 U.S.C.A. § 810, in order to prove the death of the insured. But Appellee not only had to prove that the insured was dead, but also had to prove that the insured had died before May 1, 1944, when the policy lapsed.

The evidence with respect to the time of death is necessarily circumstantial. The earlier rule in the Supreme Court was stated in Davie v. Briggs, 7 Otto. 628, at page 634, 97 U.S. 628, at page 634, 24 L.Ed. 1086, as follows:

"If it appears in evidence that the absent person, within the seven years, encountered some specific peril, or within that period came within the range of some impending or immediate danger, which might reasonably be expected to destroy life, the court or jury may infer that life ceased before the expiration of the seven years."

In the later case of Fidelity Mutual Life Association v. Mettler, 185 U.S. 308, at page 319, 22 S.Ct. 662, at page 666, referring to the above quotation from Davie v. Briggs, the Supreme Court said:

"But it was not thereby ruled that the inference of death might not arise from disappearance under circumstances inconsistent with a continuation of life, even though exposure to some particular peril was not shown, and the evidence indicat-

**346**

ed that Hunter came within the range of immediate danger."

In Mutual Life Insurance Co. of New York v. Hamilton, 5 Cir., 143 F.2d 726, the facts, though necessarily different, were essentially similar in quality to those in the instant case. Following United States v. Hayman, 5 Cir., 62 F. 2d 118, the court held that the time of the insured's death was properly submitted to the jury.

In United States v. O'Brien, 4 Cir., 51 F.2d 37, this court approved the submission to the jury of the question of the date of death, where the evidence was circumstantial and showed no specific peril or impending or immediate danger, although the evidence of intention to commit suicide was stronger than in the case at bar.

■ Consideration must also be given to the applicable statute dealing with the presumption of death. Section 610 of the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 810, provides as follows:

"No State law providing for presumption of death shall be applicable to claims for National Service Life Insurance. If evidence satisfactory to the Administrator is produced establishing the fact of the continued and unexplained absence of any individual from his home and family for a period of seven years, during which period no evidence of his existence has been received, the death of such individual as of the date of the expiration of such period may, for the purposes of this subchapter, be considered as sufficiently proved."

We have been referred to no case, and we have found no case, construing this statute, although there are many cases construing and applying other statutes dealing with the same subject. The purpose of this statute was to make uniform the applicable law in Government insurance cases. The statutes in the various states differ with respect to the time when death is presumed; in some states there is no statute, but the matter is governed by judge made law; some statutes, e. g., the statute involved in Mutual Life Insurance Co. of New York v. Hamilton, supra, contain no presumption as to the time of death. The various authorities on the subject are reviewed in United States v. Hayman, 5 Cir., 62 F.2d 118, at page 119. In United States v. O'Brien, supra, a case involving Government life insurance, but not controlled by the present statute of limitations, this court, speaking through Judge Glenn, said:

"We agree with the rule as stated in English v. U. S., D.C., 25 F.2d 335, 336:

" 'The presumption of death, created by the absence of a person for a period of seven years, is not that he died within that period, but immediately upon the expiration of it. * * *

" 'But after all, under any view of the law, when one is not content to rest his case upon the common-law presumption of death, arising from absence, but seeks to establish a date of death prior to the end of seven years, he must produce additional evidence. * * * '

"Manifestly if the petitioner was relying here solely upon the presumption of death, this would not constitute a sufficient showing as to the time of death to justify a jury in concluding that the death took place at any given date, but the presumption of death comes in here in aid of other substantial evidence that Cartier is dead. The jury's conclusion that the death took place before the policy lapsed is manifestly founded upon this additional evidence. * * * " 51 F.2d at page 42.

■ Although this court stated the presumption to be that the insured died immediately upon the expiration of the period of seven years, it permitted evidence to be adduced to rebut that presumption and to show the true date of death. The same rule should be applied

in the construction of 38 U.S.C.A. § 810.

■ In·our opinion, there was sufficient evidence to go to the jury on the question whether the insured in the case at bar died before May 1, 1944.

■ (2) Suits against the United States can be maintained only by permission, in the manner prescribed and subject to the restrictions imposed. Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633. With respect to National Service Life Insurance, suit is made possible by Section 617 of the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 817, which provides that:

> "In the event of disagreement as to any claim arising under this subchapter, suit may be brought in the same manner and subject to the same conditions and limitations as are applicable to United States Government life (converted) insurance under the provisions of sections 445 and 551 of this title."

Section 19 of the World War Veterans' Act, 1924, as amended, 38 U.S.C.A. § 445, provides, in pertinent part, that:

> "* * * no suit on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made: *Provided,* That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: *Provided further,* That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. * * * "

The contingency on which the claim is founded is the death of the insured. Riley v. United States, 4 Cir., 212 F.2d 692, 695. Cf. United States v. Towery, 306 U.S. 324, 59 S.Ct. 522, 83 L.Ed. 678.

The Appellee faces a dilemma. If the insured died at the end of the seven year period, the policy had lapsed before his death. If he died before May 1, 1944, his death occurred more than six years before the filing of this action or the filing of a claim which tolled the statute of limitations.

The Government argues that the plaintiff must fall on one of the horns of this dilemma. Appellee replies that whatever the logic may be the courts have almost uniformly held that where it is necessary for the plaintiff to rely upon the presumption to prove the fact of death, it has been held that the statute of limitations does not begin to run until the expiration of the seven year period.

The Government has cited a number of cases construing statutes of limitations in which the Supreme Court has applied a strict rule. The leading case is McIver v. Ragan, 2 Wheat. 25, 4 L. Ed. 175. In that case, Chief Justice Marshall said:

> "* * * The difficulties under which the plaintiffs labored, respected the trial, not the institution of their suit. * * * It has never been determined, that the impossibility of bringing a case to a successful issue, from causes of uncertain duration, though created by the legislature, shall take such case out of the operation of the act of limitations, unless the legislature shall so declare its will." 2 Wheat. 29, 30, 4 L.Ed. 175.

Again, in Amy v. City of Watertown, 130 U.S. 320, at page 324, 9 S.Ct. 537, at page 538, 32 L.Ed. 953, the Supreme Court said:

> "The general rule is that the language of the act must prevail, and no reasons based on apparent inconvenience or hardship can justify a departure from it."

See also Pillsbury v. United Engineering Co., 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225; McMahon v. United States, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26; Unexcelled Chemical Corp. v. United

348

States, 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821.

However, in life insurance cases, the courts have almost uniformly applied a different rule. See annotations in 34 A.L.R. 91, 61 A.L.R. 686 and 119 A.L.R. 1308. In the last cited annotation it is said:

"Cases decided subsequently to the earlier annotations on this subject uniformly hold or support the view adopted by the great weight of authority, namely, that where the fact of death can only be determined through the aid of the statutory presumption of death from seven years' unexplained absence, the beneficiary's cause of action does not accrue until the expiration of the seven-year period following the disappearance of the insured, and the statute of limitations does not begin to run until that time."

The case of Traveler's Insurance Company v. Bancroft, 10 Cir., 65 F.2d 963, certiorari denied 290 U.S. 680, 54 S.Ct. 103, 78 L.Ed. 587, was decided before Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and applied the general federal laws. In that case the Court said:

"In support of the plea of the statute of limitations appellant has cited Harrison v. Masonic Mutual Benefit Society, 59 Kan. 29, 51 P. 893, and Kauz v. Great Council, I.O. R.M., 13 Mo.App. 341. The reasoning of these cases is not convincing. The sounder view and better reasoning are, we believe, found in Benjamin v. District Grand Lodge, No. 4, I. O. B'nai B'rith, 171 Cal. 260, 152 P. 731, 732. The court in that case said: 'The cause of action, according to respondent's theory, did not arise upon the death of Benjamin, but when evidence of his death was furnished, and plaintiff had no satisfactory evidence of the fact of death to present to the defendant until after the lapse of seven years from the disappearance of the insured. We see no logical escape from this reasoning. * * * Having established that fact by the presumptive force of the passage of the requisite time, it became necessary to determine whether the death of Mr. Benjamin occurred before or after the date of the cancellation of his certificate for non-payment of dues. The jurors were instructed, in effect, that unless the plaintiff had established the fact of Benjamin's death occurring prior to the date of the forfeiture of the rights asserted under the terms of the certificate, their verdict should be in favor of the defendant. They were also informed that the establishment of death by the presumption upon which plaintiff depended did not fix the time of death at any particular moment of the seven years, but only established the fact of death at some time during that period. These instructions gave to the jurors the proper issues upon which to found their verdict'." 65 F.2d at page 964.

The only case directly in point on this question, involving an action on a Government life insurance policy, is Howard v. U. S., D.C.N.D.Wash., 28 F.Supp. 985, Yankwich, D. J.; appeal dismissed by stipulation, 9 Cir., 119 F.2d 1023. In that case, the District Judge quoted at length from Howard v. Equitable Life Assurance Society, 197 Wash. 230, 85 P.2d 253, 119 A.L.R. 1302, a case involving the same insured as the federal case. The Washington statute involved in the state court case provided that:

" 'Under Rem.Rev.Stat. § 155 (P.C. § 8160), actions can only be commenced within the time prescribed by the statute of limitations after the cause of action has accrued. * * *'" 28 F.Supp. 986.

The following discussion by the state court was quoted by Judge Yankwich, and is set out here as the typical rationale of the general rule:

" '* * * A cause of action accrues when it becomes a present enforcible demand, when the party

owning it is entitled to begin and prosecute an action thereon. It accrues at the moment he has a legal right to maintain an action to enforce it and the statute of limitations is then set in motion. Edwards v. Beck, 57 Wash. 80, 106 P. 492; Los Angeles County v. Metropolitan Casualty Ins. Co., 135 Cal.App. 26, 26 P.2d 699; Sweetser v. Fox, 43 Utah 40, 134 P. 599, 47 L.R.A.,N.S., 145, Ann.Cas.1916C, 620.

" 'It is evident that respondent did not have the legal right or ability to maintain an action upon the policy issued to her husband until the seven-year period had expired which enabled her to prove her husband's death. Prior to that time she owned a cause of action, but it had not ripened into one that could be enforced. 7 Couch, Cyclopedia of Insurance Law, 1930 Ed., 5729 § 1640, states:

" ' "Where it is necessary to rely on the presumption of death arising from seven years' unexplained absence, the general rule is that the cause of action accrues at the expiration of the seven-year period, so that proofs of loss cannot be made before such expiration, and in the absence of contract or statutory provision to the contrary, limitations run from the date thereof; that is, where limitations run from the date of death, and death is established by the presumption arising from seven years' unexplained absence, the limitation period runs from the date when the presumption of death arose. In fact, in case death has to be inferred from seven years' unexplained absence, proof of death cannot be made until the expiration of such period, and, consequently, the statute of limitation does not begin to run until such proofs can be made. Again, if a statute provides that all actions for which no period of limitation is prescribed shall be commenced within six years next after the cause of action accrued, and not thereafter, and insured had disappeared, and the fact of his death was disputed by insurer, a cause of action is held not to accrue within the meaning of the statute until the expiration of the time when the presumption of death in such cases is raised."

" 'We are of the opinion, however, that the rule, recognized by the great weight of authority, namely, that no cause of action accrues until the expiration of the seven-year period when proof of death can be made, where the fact of the death of the insured must be established by the aid of the presumption arising from his unexplained absence for seven years, should be adhered to. Under that rule an action commenced within the six-year period, following the expiration of the seven-year presumption period, is timely.' Howard v. Equitable Life Assurance Soc., supra, 85 P.2d at page 256, 119 A.L.R. 1302."

Judge Yankwich continued:

"The Government asserts that to apply this principle here would be to change the condition which the sovereign has imposed upon the right to be sued,—namely, the institution of the suit within six years.

"Death if it actually occurs, causes the right of action to accrue. But, where reliance is placed not upon actual death, but upon the presumption arising from unexplained absence for a period of seven years, the right to sue does not come into being until after the expiration of the period.

"Only after the period has run fully, can the fact of death be proved.

"In using the presumption to suspend the running of the statute, we are not extending the period during which the consent of the sovereign is effective. Absent direct proof of the fact of death, which inaugurates the limitation period, the presumption which the seven-year period supplies as proof of the fact is used instead.

So that all we do is to give effect to a presumption without which there could be no proof of death."

■ It must be recognized that the logic of the general rule is doubtful. If Appellee in the instant case relied on the presumption alone there would be no proof that death occurred before the policy lapsed. If Appellee had sufficient proof of death not to have to rely on the presumption, her claim would be barred by the six year period of limitations. Strict logic would say that she should not be in a better position because she relies partly on the facts and partly on the presumption. But we do not feel that this is a case where the strict rules of logic must prevail over a generally accepted rule of law. There is no equitable reason why the general rule should not be applied in this case. If the insured died before May 1, 1944, as the jury found, the Government received the only premium to which it was entitled, and has lost nothing by not having to pay the money out until after the expiration of seven years; indeed, it has had the use of the $10,000 a little longer.

It is true that the beneficiary might have kept the policy alive by paying the premiums for seven years; but this argument ignores the practicalities, especially in this case, where the Government sent the wife a war department card giving her husband's overseas address, and did not notify her that he was AWOL until long after the policy had lapsed, but told insured's father, in response to his inquiries, to keep on writing to the overseas address. Again, the beneficiary might have filed claim before the expiration of the period of six years from the date of lapse of the policy, but where it is necessary to rely on the presumption to prove the fact of death, nothing is gained by requiring such a procedure.

"As the Government's duty to pay stems from the fact of death, the Government is not harmed when, absent direct proof of that fact, the legal presumption from absence is used as an aid or a substitute. For,

if suit were instituted before the expiration of the seven-year period, and the assured, like Enoch Arden, later returned, the Government might be confronted by conflicting claims or find that it had paid in full a policy upon the life of a person who is still living and who would, ordinarily, still be obligated to the continued payment of the premiums.

"If the beneficiary waits the full seven years, he or she is playing fair with the Government. For, by resorting to the aid of the presumption in proof of death, any future claim that death, as a fact actually did not exist in the case is forestalled." Howard v. U. S., 28 F. Supp. at page 987.

Permitting suit after seven years have expired in such a case as this will discourage premature claims and be in the interest of justice. The cases cited by the Government in connection with other limitation statutes do not require us to apply in this case a different rule from that applied generally in insurance cases.

(3) The Appellee concedes that she is not entitled to interest and costs, and the judgment must be modified accordingly.

The judgment of the District Court is modified to vacate that part of the judgment which orders that the Appellee recover interest and costs; otherwise, it is affirmed.

Modified.

DOBIE, Circuit Judge (dissenting).

I feel compelled to dissent. The plaintiff, it seems to me, is on the horns of a painful dilemma. The plaintiff, in order to recover, must prove that George Skinner, the insured, died before May 1, 1944, when the policy lapsed. I think the evidence here was too slender to require the submission of this question to the jury and that judgment should have been entered in favor of the United States, defendant.

The insured was last seen by his family on March 20, 1944. His threats to kill

himself are of the type often made, but seldom carried out, by soldiers ordered to embark overseas. He did not even make unconditional threats to kill himself; but he threatened only to kill himself before he would go overseas. My guess is that he avoided both going overseas and death by deserting and then by disappearing to avoid a conviction for the serious offense of desertion from the armed forces of the United States. No body was ever found. Nor was there any direct evidence of when, where and how he was supposed to die.

If we assume that he did die before May 1, 1944, when his policy lapsed, then I think the statute of limitations bars any recovery. If the presumption of death from seven years absence be invoked, then the Statute expressly provides that death is presumed to occur "as of the date of the expiration of such period". I cannot add the presumption of death under the Statute to the slender evidence of actual death before the lapse of the policy to justify a recovery here.