## TACCONI v. SALVATION ARMY.
### No. 1609.

Circuit Court of Appeals, Tenth Circuit.
March 24, 1938.

J. Grant Iverson, of Salt Lake City, Utah (O. W. Carlson, of Salt Lake City, Utah, on the brief), for appellant.

A. W. Watson, of Salt Lake City, Utah (Geo. A. Critchlow, of Salt Lake City, Utah, on the brief), for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Tacconi brought this action against the Salvation Army to recover damages for personal injuries resulting from an accident which occurred on the paved public highway between Ogden and Salt Lake City, Utah.

In his complaint plaintiff alleged that the agent of defendant carelessly and negligently operated its automobile at an unreasonable rate of speed, failed to maintain a reasonable lookout for the presence of plaintiff upon the highway, failed to operate the automobile at a safe and reasonable speed under the conditions existing at the time and place of the accident, and failed to operate the automobile at such a speed that he would be able to see plaintiff upon the highway and avoid running into him, and that as a direct and proximate consequence of such negligence he ran into and injured plaintiff.

Defendant denied negligence on its part and alleged that plaintiff was guilty of contributory negligence in that he carelessly and negligently stood on the highway near his wrecked automobile and failed to move to a place of safety as defendant's automobile approached.

At the conclusion of all the evidence the court directed a verdict for defendant on the ground that plaintiff was guilty of contributory negligence. Plaintiff has appealed.

The evidence viewed in the light most favorable to the plaintiff established these facts:

The public highway runs north and south. The paved portion was 20 feet in width. On both sides of the paved portion there were graveled shoulders. Snow plows had been over the road and the snow was shoved out to snow banks a distance of 14 feet on the east side and 19 feet on the west side of the highway. Plaintiff was traveling south in a Pontiac automobile. Between eight and eight-thirty P. M., at a point near Centerville, Utah, plaintiff's automobile collided with an Essex automobile traveling north with the result that the left front wheel and

the knee action member were torn off plaintiff's automobile and it was left standing facing southeasterly on the highway. The distance from the rear hub to the east edge of the pavement was 69 inches. The distance from the front portion of the frame to the edge of the pavement was 53 inches. The left door of plaintiff's automobile was jammed so that it could not be opened. Three young men were traveling in the Essex automobile. Immediately after the collision the plaintiff went back and met the young men. After ascertaining that none of the occupants of the Essex automobile had been injured the plaintiff instructed one of the young men to flag vehicles coming from the north. A Mr. Fennell was traveling south on the highway. One of the young men flagged him down. He passed around plaintiff's automobile and stopped a distance of about 50 feet south of it. It was snowing very hard and the pavement was icy and very slippery. One could see the headlights of an approaching automobile a distance of from 100 to 200 yards. The right headlight and the taillight of plaintiff's automobile were burning and the motor was running. Plaintiff and the other two young men tried to push his automobile off the pavement, but found it impossible so to do. Plaintiff then directed the two young men to go to the south and flag any automobiles approaching from that direction and stated he would turn off the ignition and stop the motor on his automobile because of the danger of explosion in the event another automobile ran into it. The two young men went south to flag any approaching automobile and the plaintiff went around on the west side of his automobile, looked to the south and did not see any automobile approaching, opened the door, reached in and turned off the switch, and shut the door. As he turned about he saw the defendant's automobile approaching. The door of plaintiff's automobile opened from the front and it was necessary for plaintiff to turn toward the northwest as he reached for the door to close it. When he faced about it was too late to avoid defendant's automobile which struck him traveling at a speed estimated at between 15 and 25 miles per hour.

The automobile of the defendant being driven by its employee, Murakamy, a Japanese, approached plaintiff's automobile from the south. Fennell, by honking his horn and shouting a warning, and the two young men by waving their arms up and down, endeavored to warn defendant's driver and induce him to stop. Defendant's automobile was approaching at a speed of about 35 miles per hour. The driver thereof did not see plaintiff or his automobile and did not undertake to set his brakes until he was about 30 feet from the plaintiff.

The issue of contributory negligence is ordinarily for the jury and it is only when there is no substantial conflict in the evidence which conditions it, and when, from the undisputed facts, reasonable men in the exercise of a fair judgment would be compelled to reach the same conclusion, that the court may properly withdraw it from the jury.[1]

Plaintiff was confronted with an emergency. Mindful of the safety of others he determined to turn off the ignition on his automobile to avoid a possible explosion. He could not enter his automobile from the east side because the door was jammed. He sent the young men to flag any vehicle approaching from the south and then went around to the west side of his automobile, looked to the south, saw no approaching automobile, quickly opened the door and turned off the ignition, and as he turned about, after he had turned off the ignition and closed the door, he saw the approaching automobile of the defendant, when it was too late to avoid it.

Bearing in mind that plaintiff was confronted with an emergency; that it was essential to the safety of other travelers that the ignition should be turned off and the motor stopped; that because the left hand door was jammed the automobile could only be entered from the right hand side; that plaintiff sent lookouts to stop any vehicle approaching from the south;

[1] Travelers' Insurance Company v. Bancroft, 10 Cir., 65 F.2d 963, 966; Engstrom v. De Witt, 8 Cir., 58 F.2d 137, 138;

Skaggs Safeway Stores v. Dunkle, 8 Cir., 49 F.2d 169, 171;

Great Northern R. Co. v. Nelson, 8 Cir., 90 F.2d 84, 87;

Cary Bros. & Hannon v. Morrison, 8 Cir., 129 F. 177, 181;

Schweinhaut v. Flaherty, 60 App.D.C. 151, 49 F.2d 533, 536;

Grand Trunk R. Co. v. Ives, 144 U.S. 408, 417, 12 S.Ct. 679, 36 L.Ed. 485.

that he looked to the south just before leaning into his automobile to turn off the ignition and did not see any approaching vehicle; and that he acted expeditiously, we are of the opinion that reasonable men in the exercise of a fair judgment might reach a different conclusion as to whether plaintiff failed to exercise that degree of care for his own safety, which a man of ordinary prudence under the same circumstances would have exercised.

Accordingly the judgment is reversed and the cause remanded with instructions to grant the plaintiff a new trial.

Reversed and remanded.